DIONISIA ALVAREZ, Plaintiff and Appellee, v. RAMÓN AVILA, Defendant and Appellant; MUNICIPALITY OF QUEBRADILLAS, Intervener and Appellant.

No. 5053. Argued January 16, 1930.—Decided February 4, 1930.

Antonio Piñero, for defendant and appellant. R. Padró, for plaintiff and appellee. Fulgencio Piñero, for intervener.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This action was instituted by Dionisia Alvarez to recover a small parcel of land, which she alleged formed part of a five-acre tract belonging to her and adjoining the town limits of the Municipality of Quebradillas. She also alleged that the parcel was worth more than $500 and that the defendant was in possession thereof without a just title. The defendant pleaded in his answer that he had been in possession of the said parcel since 1907, under a grant made to him by its owner, the Municipality of Quebradillas. This municipality asked for leave to intervene and alleged that it was the owner, not only of the parcel occupied by the defendant, but also of the five-acre tract.

Upon the issues thus made, the case went to trial. Considerable evidence, both oral and documentary, was introduced and finally the court, pursuant to a carefully written opinion, rendered judgment for the plaintiff without special pronouncement of costs.

Both the defendant and the intervener appealed, but only the latter's counsel appeared at the hearing of the appeal.

We have examined the briefs of the appellants and they fail to comply with the rule of this court requiring the filing of a separate assignment of errors. This in itself would be sufficient for an affirmance of the judgment without going into the merits of the appeal.

Nevertheless, we have given consideration to the questions raised, especially because one of them is jurisdictional, and have reached the conclusion that they are without merit.

It is strongly urged that the district court did not have original jurisdiction of the present action because the amount in controversy is below $500.

As we have already stated, the complaint alleged that the amount in controversy was above $500, and one of the witnesses testified at the trial that the parcel sought to be recovered is worth $570.

It was alleged in the answer that the parcel was worth

$39, and it is argued that this must be so since such a small parcel of land—measuring six meters on the south, six on the north, six and one-half on the east and seven on the west —could not possibly be worth more than $500.

The real value of a thing is something very difficult to prove in many cases; and this is one of such cases. One of the witnesses testified that the parcel of land was worth $570 and the court gave credence to that statement. It is not at all an impossibility that a particular piece of land, which lies on the outskirts of a town and which connects the estate of which it is a part with a street of such town—no matter how small the latter might be—should be worth more than $500. Besides, the ultimate issue in the present case is the ownership of the five-acre tract, which has a value far exceeding the amount that gives original jurisdiction to district courts.

The above point having been disposed of, the only question left to be considered relates to the weighing of the evidence. The opinion of the court below is quite complete. We have examined the evidence, both oral and documentary, introduced by the parties, and we think that it fully establishes the fact that the plaintiff is the owner of the five-acre tract and that this tract includes the portion occupied by the defendant Avila, which occupancy the municipality supports as intervener on the ground that, not only that portion, but the whole property as well belongs to it. The prima facie case made out by the plaintiff was not overcome by the intervener. The evidence introduced by the latter is set forth and analyzed in the opinion rendered by the trial judge, as follows:

"The intervener offered in evidence a document dated in 1869 and entitled 'General map of the town of Quebradillas and its streets prepared in accordance with the resolutions adopted by the Municipality in pursuance of the Royal Decree of June 9, 1867,' which contains a 'Report approving the layout of the streets of the town of Quebradillas,' and 16 maps.

"In that report no mention is made of land belonging to the Municipality, but of the intended layout and construction of new

streets which are proposed for the said town of Quebradillas. The document contains nothing else. The intervener also introduced in evidence the testimony of the witness, Manuel Lamela, mayor since 1914, who stated that he had always considered the parcel of land as belonging to the Municipality because such land was town property; that he knows this to be so, because a street was extended through there which was paved, and 'from the maps which are in the files of the Municipality.' "

In the brief of the defendant stress is laid upon the fact that it was shown that, for a period of twenty-two years, he had been in possession of the parcel of land sought to be recovered. That is so; but possession without a just title (*justo título*) for twenty-two years is insufficient to acquire ownership by prescription. The defendant held something, a town lot, under a just title, a permit from the municipality. But he extended his lot beyond its true boundaries and invaded another's property. What occurred after the defendant invaded the portion of land in question—whether with or without the consent of the municipality is immaterial, as the municipality could not validly consent to the occupation of land which it did not own—is quaintly described by the plaintiff herself in her testimony, which was fully believed by the court, thus:

". . . . when the plaintiff learned of what had taken place she went to see the defendant, who informed her that the Municipality had granted it to him, but that 'she need not worry, 'that the land would not disappear,' 'that it would always be hers', and that he would only build temporarily. The plaintiff further says: 'I did not sue before, because he always told me that he was building temporarily; but he became recalcitrant; he claimed the property as owner; hence the suit.' "

For the foregoing reasons, the judgment appealed from must be affirmed, but without imposing costs on the defeated party, as sought by the appellee, since the latter acquiesced in the judgment as rendered by failing to take any appeal therefrom.